MORRIS L. STERNBERGER, APPELLEE, v. SANITARY DISTRICT, APPELLANT.

FILED DECEMBER 9, 1916.   No. 19087.

1. **Eminent Domain**: CONDEMNATION PROCEEDINGS: PARTIES. The trial in a condemnation proceeding may be had in the name of the person as plaintiff who owned the land condemned at the time the proceedings were commenced. In such case the court should order the payment of the judgment to the party entitled to the damages.

2. ———: EXCESSIVE DAMAGES: REMITTITUR. Evidence examined, and found that the verdict was excessive, and the judgment thereon should be reversed in event the plaintiff fails to file a remittitur.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed on condition.*

*C. J. Campbell* and *H. R. Ankeny,* for appellant.

*Morning & Ledwith, contra.*

BARNES, J.

This cause was tried in the district court for Lancaster county on an appeal from a judgment of the county court confirming an appraiser's award in a condemnation proceeding.

It appears that Sanitary District No. 1, of Lancaster county, made an application to the county court of that county to condemn a right of way for the construction of a ditch to straighten that part of the channel of Salt creek across the corner of the northeast quarter of section 7, township 10, range 7, in said county. Such proceedings were had that the appraisers found the damages to the land in question amounted to the sum of $500. Judgment was rendered on the award, and the sanitary district appealed to the district court. On a trial in that court the jury returned a verdict against the district and for the plaintif for the sum of $1,585.15. A motion for a new trial was overruled, judgment was returned on the verdict for that sum, and the sanitary district has appealed to this court.

100 Neb.—29

Appellant's first contention is that the appellee was not the real party in interest. It appears without dispute that at the time the condemnation proceedings were commenced one Morris L. Sternberger was the owner of the quarter section of land described in the application; but, before the award was made and judgment was entered in the county court, Sternberger sold the quarter section, together with other adjoining lands, which comprised 310 acres, to P. J. Turner and A. O. Corbin. Turner and Corbin divided the entire tract so that Corbin became the owner of the quarter section across which the ditch was constructed, and by agreement was entitled to damages awarded. It also appears from the evidence that neither Sternberger nor Turner had any interest in the award. Therefore Corbin might have been substituted as plaintff in place of Sternberger, and the proceedings might have been conducted in his name; but that fact is not decisive of the question here, for it was not error to continue the trial in Sternberger's name for the benefit of the person entitled to the damages.

It is appellant's second contention that the verdict of the jury was excessive and is not sustained by the evidence. The record discloses that the cause was tried on the theory that the whole tract of 310 acres was damaged by the construction of the ditch. The witnesses for the plaintiff all testified that the whole 310 acres of land was worth $125 an acre before the ditch was constructed, and that after the construction it was worth only $118 an acre, thus fixing the damages at $2,170. This testimony, as a whole, was entitled to little consideration. The record shows that the plaintiff's witnesses gave their evidence with such perfect agreement that it should be carefully scrutinized by the court, and was not entitled to adoption as the true measure of damages. The record also shows that only 80 acres of the tract of land described in the application was damaged by the construction of the ditch, and it may be fairly said from the testimony that not more than 40 acres of it were damaged by such construction. The record shows that the ditch was about

1,200 feet long and there were only 3.3 acres of land taken for its construction. It cut off about 23 acres from the main body of the farm, and the land cut off is accessible by a public road located on two sides. There is considerable competent evidence in the record tending to show that the land through which the ditch was constructed was low and wet, and some of it was covered with trees and brush; that there were several lakes and ponds situated thereon which had no outlet, and the construction of the ditch afforded drainage for such ponds. There is also some evidence in the record tending to show that the construction of the ditch was a benefit to the tract of land across which it was constructed. We therefore conclude that the verdict was excessive and is not sustained by competent evidence. The evidence fails to sustain damages in excess of the amount found by the appraisers.

Errors are assigned for the giving of instructions: First, that the court erred in not limiting the damages to the 80 acres across which the ditch was dug; and, second, that the court erred in not instructing the jury on the law relating to general and special benefits. An instruction should have been given restricting the damages to the land described in the application, and the jury should also have been instructed as to the law relating to benefits. A jury of laymen should not be expected to make correct findings on those questions without proper instructions. We therefore conclude that the judgment complained of should be reversed, and this will be done unless the plaintiff shall, within 30 days, remit all of said judgment except $500 and interest on the same from the date of the award in the county court. It is further ordered that the sanitary district shall pay all the costs in the district court, and recover costs in this court.

JUDGMENT ACCORDINGLY.

SEDGWICK, J. I think the damages are excessive and there should be a remittitur, but the amount of the remittitur should be definitely ascertained and determined.